1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOWARD FORBES,                               No.  2:16-cv-1884 GGH HC

12                   Petitioner,

13        v.                                      ORDER and FINDINGS AND
                                                  RECOMMENDATIONS
14   DANIEL PARAMO, Warden,

15                   Respondent.

16

17                                  INTRODUCTION

18        Petitioner, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus

19   pursuant to 28 U.S.C § 2254, ECF No. 1, together with a motion for an extension of time to file

20   an in forma pauperis request pursuant to 28 U.S.C. § 1915 to permit him to acquire the certified

21   copy of his trust account.  The court will grant this request and will order petitioner to file a

22   completed submission upon receipt of that certification.

23        The petition and "Motion to Stay", ECF #2, demonstrates that petitioner has failed to

24   exhaust his state court remedies in regard to all claims, save one.  The exhaustion of state court

25   remedies is a prerequisite to the granting of a petition for a writ of habeas corpus.  28 U.S.C. §

26   2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.

27   28 U.S.C. § 2254(b)(3).  Thus, a waiver of exhaustion may not be implied or inferred.  A

28

                                          1

1    petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

2    fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

3    Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert.

4    denied, 478 U.S. 1021 (1986).  A petition which includes unexhausted claims the petition may be

5    dismissed on that basis.

6                                                DISCUSSION

7            A district court may properly stay a habeas petition and hold it in abeyance pursuant to

8    Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

9            Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an

10   unexhausted claim to the state courts.  Rhines, 544 U.S. at 277.  Assuming the petition itself has

11   been timely filed (not the case here), such a stay "eliminates entirely any limitations issue with

12   regard to the originally unexhausted claims, as the claims remain pending in federal court[.]"

13   King, 564 F.3d at 1140.  However, to qualify for a stay under Rhines, a petitioner must: (1) show

14   good cause for his failure to exhaust all his claims before filing this action; (2) explain and

15   demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any

16   pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently

17   pursued his unexhausted claim.  Rhines, 544 U.S. at 277–78.

18           What constitutes good cause has not been precisely defined except to indicate at the outer

19   end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-

20   78, and that "extraordinary circumstances" need not be found.  Jackson v. Roe, 425 F.3d 654,

21   661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good

22   cause" requirement should not be read "to impose the sort of strict and inflexible requirement that

23   would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring)

24   (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

25   "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for

26   a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court

27   should only stay mixed petitions in 'limited circumstances.'  We also must be mindful that

28   AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their

                                                    2

1    claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24

2    (9th Cir. 2008), *quoting* Jackson, 425 F.3d at 661)(internal citations omitted).

3          Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to

4    justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines.  Blake v.

5    Baker, 745 F.3d 977, 982 (9th Cir. 2014).  In Blake, the Ninth Circuit held that ineffective

6    assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however,

7    bare allegations of state post-conviction IAC do not suffice.  Id. at 983.  The Blake court

8    concluded that petitioner satisfied the good cause standard where he argued that his post-

9    conviction counsel "failed to conduct any independent investigation or retain experts in order to

10   discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was

11   "subject to severe abuse as a child and suffered from brain damage and psychological disorders.

12   745 F.3d at 982 (internal quotes omitted).  The petitioner supported this argument with extensive

13   evidence, including psychological evaluation reports, a declaration by the private investigator

14   who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's

15   family and friends describing his "abhorrent" childhood conditions.  Id. at 982-83.  The Blake

16   court concluded that the petitioner had met the Coleman/Martinez standard to show good cause

17   under Rhines."  Id. at 983-84 & n.7.

18         In the petition itself, it appears that Claim 2 is not exhausted.  Petitioner has also filed a

19   Motion for Stay and Abeyance, ECF No. 2.  He identifies seven (7) unexhausted claims: (1)

20   ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3)

21   insufficient evidence to support a conviction under Penal Code § 209(B)(1), kidnapping to

22   commit another crime; (4) insufficient evidence to support a conviction under Penal Code §

23   261(a)(3), rape of an intoxicated person; (5) insufficient evidence to support a conviction under

24   Penal Code § 261(a)(2), forcible rape; (6) insufficient evidence to support a conviction under

25   Penal Code § 288a(c)(2), forcible oral copulation; (7) insufficient evidence to support a

26   conviction under Penal Code § 286(c)(2), sodomy by use of force; and (8) insufficient evidence to

27   support a true finding that petitioner inflicted great bodily injury during the above mentioned

28   offenses in violation of Penal Code §§ 12022.7 or 12022.8.  ECF 2 at 1:20-2:7.

3

1      Plaintiff explains that he asked his assigned appellate counsel to raise all of the foregoing

2    claims on appeal, but counsel indicated he would not raise these issues as they should be raised in

3    a habeas petition, not on direct appeal.  Id. at 2:16.  He further states that he was unaware what

4    issues were or were not raised until he received the records from appellate counsel.  Id. at 17-29.

5    He makes these contentions through a Declaration executed under penalty of perjury.  Id. at 1:15-

6    17.[1]

7       In light of the foregoing, the court finds that good cause exists for the motion for stay and

8    abeyance exists.  However, petitioner must realize that a Rhines stay herein does not render his

9    initial filing timely, if it is not, does not indicate that the this court would find the filing timely if a

10    motion to dismiss is later filed by respondent, nor does it excuse procedural default if such is

11    found by the state courts upon adjudication his exhaustion petition.  It merely permits petitioner

12    to commence the state habeas exhaustion process without a present dismissal of his habeas

13    petition, i.e., it  stops the limitations clock as of the filing of his initial petition in this court such

14    that the petition does not become more untimely while petitioner exhausts his unexhausted

15    claims.

16       Accordingly, IT IS ORDERED:

17       1.     Petitioner may file his completed in forma pauperis application upon receipt of the

18    certification of his trust fund account status; ECF # 3 is hereby resolved.

19       2.     The Clerk of the Court shall randomly assign a United States District Judge to this

20    action.

21       IT IS HEREBY RECOMMENDED:

22       That petitioner's motion to stay, ECF #2 be granted, and that if these Findings and

23    Recommendations are adopted, petitioner shall, within twenty-eight days of the date of this

24    ////

25

---

[1] Petitioner also states that he was diagnosed with multiple sclerosis in February 2015 and
although his petition for review was decided on May 13, 2015 he was not notified of that denial
until April 1, 2016, id. 1:19-25, and did not finally receive the documents he requested from
appellate counsel until June 17, 2016, id. at 2:12-13, after he filed a complaint with the California
State Bar, id. at 2:2-4.

1   Order, file his state Petition for Habeas Corpus; failure to timely file the state habeas petition may

2   result in a dismissal of this action.

3        These findings and recommendations are submitted to the United States District Judge

4   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5   after being served with these findings and recommendations, petitioner may file written

6   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7   Findings and Recommendations."  Any response to the objections shall be filed and served within

8   fourteen days after service of the objections.  Petitioner is advised that failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

10  Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  August 16, 2016

12                          /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17  Forb1884.Rhines.amm

18

19

20

21

22

23

24

25

26

27

28
                                    5