UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD FORBES,<br><br>   Petitioner,<br><br>  v.<br><br>L. ELDRIGDE,<br><br>   Respondent. | No.  2:16-cv-01884 MCE GGH P<br><br><br>FINDINGS & RECOMMENDATIONS |

  Pending before the court is petitioner's motion to stay proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 51. Petitioner seeks to exhaust his state court remedies on a claim alleging due process violation based on his denied right to testify at trial. Id. Respondent has filed an opposition. ECF No. 52. Petitioner has filed a reply. ECF No. 55.

  A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his

unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661) (internal citations omitted).

      Petitioner contends he has satisfied the requirements set forth by Rhines entitling him to a stay of the proceedings. Petitioner argues he was prevented from raising his claim by his appellate counsel who refused to raise the issue during appeal proceedings. ECF Nos. 51 at 1-2. Nevertheless, petitioner argues his claim is "potentially meritorious to dispute state court fact findings for any presumption of correctness[.]" ECF No. 51 at 2. Petitioner further argues he is a layman in the law and this attempt to raise a new claim is not to intentionally delay proceedings. ECF Nos. 51 at 2; 55 at 2-3. Lastly, petitioner appears to raise his medical condition as another reason for his delay in exhausting his claim. ECF No. 55 at 1-2.

      Petitioner has not established grounds for a stay under Rhines. The Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). Here, petitioner has failed to establish good cause for his failure to exhaust his claim.

Petitioner first became aware of his claim at trial when he was prevented from testifying. Even assuming petitioner's appellate counsel refused to raise his due process claim, petitioner was free to raise this claim in his state court habeas petitions, as well through his habeas petition in this court. Moreover, this court previously granted petitioner a stay *in January of 2017* to exhaust his state court remedies on his unexhausted claims. See ECF Nos. 6, 12.  Petitioner makes no legitimate excuse as to why his "right to testify" claim, which was obviously known to petitioner, was not included in his state exhaustion proceedings after 2017.  Petitioner's failure to raise this claim at various points in this action fails to establish neither good cause nor that petitioner was diligent in pursing his unexhausted claim. Moreover, petitioner's flareups with Multiple Sclerosis in 2015 do not help in establishing that petitioner was diligent in exhausting his claim in 2016, 2017, 2018, and 2019.  Last of all, mere ignorance of the law fails to establish good cause.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) ("To accept that a petitioner's 'impression' that a claim had been included in an appellate brief constitutes 'good cause' would render stay-and-obey orders routine." It would "run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"); see also Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (ignorance of the law does not constitute an excuse from due diligence). Based on these reasons, the undersigned recommends denying petitioner's motion to stay the proceedings.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 51) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2021

>  /s/ Gregory G. Hollows
>  UNITED STATES MAGISTRATE JUDGE